## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES R. HARRIS,                          )
       Petitioner,                      )
                                 )      CIVIL ACTION NO. 3:07-104
       v.                                 )
                                 )      JUDGE KIM R. GIBSON
JOHN YOST, Warden, FCI–Loretto,          )
       Respondent.                      )

### MEMORANDUM OPINION & ORDER

**Gibson, J.,**

Now before the Court is petitioner James R. Harris' appeal (Document No. 8) from Magistrate

Judge Francis X. Caiazza's June 1, 2007, Notice and Order (Document No. 5). Petitioner filed a

Petition for a Writ of Habeas Corpus on May 9, 2007, indicating that a federal court in the Western

District of New York had sentenced him to 46 months of imprisonment for violating 21 U.S.C. §§ 841

and 846. Document No. 3, p. 2. Conceding the validity of his conviction and sentence, Petitioner

alleged that prison officials had acted beyond the scope of their authority in denying his application for

placement in a Residential Drug and Alcohol Treatment Program (hereinafter "RDAP"). *Id.* at 1.

Accordingly, Petitioner did not assert any right to be released from custody, but merely sought

immediate enrollment in the RDAP. *Id.* at 10. Harris characterized his petition as one arising under

28 U.S.C. § 2241. *Id.* at 1.

On June 1, 2007, Magistrate Judge Caiazza, to whom this matter was referred, notified Harris

that federal law required all constitutional claims to be consolidated in a single habeas petition.

Document No. 5, p. 1. Judge Caiazza therefore offered to review the petition as it was then stated or,

1

alternatively, to grant Harris time in which to amend his petition. *Id.* The Magistrate's notice warned

Harris, however, that "pursuant to 28 U.S.C. § 2241 ¶ 6 federal habeas corpus petitions must be filed

within one year after the judgment becomes final," and that the limitations period would be tolled for

only 120 days to allow amendment. *Id.* Judge Caiazza also referred to Harris' petition as one filed

pursuant to 28 U.S.C. § 2255. *Id.* at 2.

Harris then filed this appeal on June 11, 2007, noting that he did not "wish to appeal the

Magistrate Judges [sic] Notice and Order . . . in substance, only its interpretation of the Anti-Terrorism

and Effective Death Penalty Act as it relates to § 2241." Document No. 8, p. 1. Harris objects to the

classification of his petition as one arising under § 2255. Petitioner argues that because he concedes

the validity of his sentence and challenges only its execution, he seeks a writ of habeas corpus under

§ 2241, which contains no limitations period.

The Court agrees that Harris' petition is properly addressed under the terms of § 2241.

According to 28 U.S.C. § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

Thus, § 2255 only provides habeas jurisdiction when the petitioner asserts a right to release or otherwise

collaterally attacks his sentence. Because Harris has done neither, he cannot proceed under § 2255.

*Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, as the Third Circuit has held, § 2241

"confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity

2

but the execution of his sentence." *Id. See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (quoting *Coady*); *Ganim v. Fed. Bureau of Prisons*, No. 06-3810, 2007 U.S. App. LEXIS 12483, at \*3 (3d Cir. 2007) (nonprecedential opinion) ("[A] federal prisoner may challenge the execution of his sentence in a petition pursuant to § 2241." (citing *Coady*)).

The Court will therefore grant Harris' appeal and instruct the Magistrate Judge to treat the habeas petition as one arising under § 2241, which contains no limitations period. *Pollack v. Hobbs*, 98 F. Supp. 2d 287, 292 (E.D.N.Y. 2000). However, the Court also notes the possibility that § 2241 may not offer Petitioner the jurisdiction he requires. Addressing facts nearly identical to those *sub judice*, the Third Circuit noted that, because participation in RDAP provides "only the potential for a discretionary sentence reduction," habeas jurisdiction was lacking under § 2241 as well. *Beckley v. Miner*, 125 Fed. Appx. 385, 388-89 (3d Cir 2005) (nonprecedential opinion). Nonetheless, because *Beckley* is not precedential authority, and because that tribunal apparently did not consider the effect of *Woodall*, the Court prefers at this time to avoid issues beyond the parameters of Petitioner's appeal.

An appropriate Order follows.

3

**AND NOW,** this 14th day of June, 2007, upon consideration of Petitioner's Appeal of the June 1, 2007, Notice and Order (Document No. 8), **IT IS HEREBY ORDERED** that Magistrate Judge Caiazza's June 1, 2007, Notice and Order is reversed insofar as it treats the habeas petition as one arising under 28 U.S.C. § 2255.  This matter is thus remanded with instructions that the petition be addressed under the terms of 28 U.S.C. § 2241.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

4